IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| DAMIEN WILLIAMS | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 5:08cv140 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Petitioner Damien Williams, an inmate confined at the Ferguson Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes petitioner's objections are without merit and should be overruled.

In reviewing prison administrative actions, the Court must uphold administrative decisions unless they are arbitrary and capricious. *Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984). Federal Courts will not review a disciplinary hearing officer's factual findings *de novo*, instead the

courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986), *cert. denied*, 476 U.S. 1117 (1986). "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). Here, as found in the Report, the disciplinary conviction is supported by sufficient evidence. Further, a claim of actual innocence independent of constitutional infirmity is not cognizable on habeas review. *Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006); *Dowthitt v. Johnson*, 230 F.3d 733, 741 (5th Cir. 2000), *cert. denied*, 532 U.S. 915, 121 S.Ct. 1250, 149 L.Ed.2d 156 (2001). Here, petitioner has not raised a meritorious constitutional claim setting out a basis for federal review.

Furthermore, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be

considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

## O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED** this 15th day of July, 2010.

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE