IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAMIEN WILLIAMS, <br> (TDCJ-CID #1308844) <br> Petitioner, <br><br> VS. <br><br> RICK THALER, <br> Respondent. | § <br> § <br> § <br> § <br> § <br> § CIVIL ACTION NO. H-10-2694 <br> § <br> § <br> § |

## MEMORANDUM ON DISMISSAL

Petitioner, Damien Williams, seeks habeas corpus relief under 28 U.S.C. § 2254. The threshold issue is whether this petition is subject to dismissal as successive. For the reasons discussed below, the court finds that this petition should be dismissed for lack of jurisdiction.

**I.  Background**

Williams challenges a conviction for aggravated robbery in the 180th Judicial District Court of Harris County, Texas. (Cause Number 975664). On January 11, 2010, Williams filed a federal petition for a writ of habeas corpus, Civil Action Number 4:10-0125, collaterally attacking his conviction for aggravated robbery. On May 14, 2010, this court dismissed Williams's petition for lack of jurisdiction because the claims were successive.

In the instant federal petition filed on August 6, 2008, Williams challenges the same conviction for aggravated robbery. (Docket Entry No. 1, Petition for a Writ of Habeas Corpus, pp. 7-8, 10-13).

## II. Discussion

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). This court lacks jurisdiction to consider Williams's petition as it is a "successive" application governed by the amendments to the AEDPA requiring that the Fifth Circuit authorize the district court to consider the application before it is filed in the district court. Title 28 U.S.C. § 2244(b)(3)(A) (1998) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

On August 6, 2008, Williams filed a federal petition in the United States District Court for the Eastern District of Texas, Texarkana Division, Civil Action Number 5:08-0140. In that petition, he challenged the validity of a prison disciplinary case received on June 11, 2008, disciplinary report number 20080270068. A prison disciplinary hearing officer found Williams guilty of the charged offense of establishing an inappropriate relationship, in violation of Code 30.2, a Level 2 offense.

On June 2, 2010, Williams filed a supplement to his petition in the Eastern District in which he included a challenge to his underlying conviction for aggravated robbery. On July 15, 2010, the Eastern District of Texas denied Williams's federal petition with regard to his challenge to the prison disciplinary conviction. The Eastern District then transferred Williams's claim relating to his underlying conviction for aggravated robbery to this court, where it was docketed as Civil Action Number 4:10-2694.

As noted, Williams had previously filed a federal petition in this court. In an order entered on May 14, 2010, this court dismissed the petition in Civil Action Number 4:10-0125, for lack of

jurisdiction. This court stated that Williams's federal habeas petition in Civil Action Number 4:10-0125 fell squarely within the parameters of a successive federal habeas petition set forth in *Propes v. Quarterman*, 573 F.3d 225, 229 (5th Cir. 2009),[1] and would be dismissed because Williams had not obtained authorization from the Fifth Circuit to pursue that case. This court dismissed Williams's federal petition in Civil Action Number 4:10-0125 as an unauthorized successive petition because Williams had not obtained the necessary authorization from the Fifth Circuit.

From the timing of the pleadings in this court and in the Eastern District, it appears that Williams tried to challenge his underlying conviction for aggravated robbery in the Eastern District after this court had already dismissed it as successive. This court finds that there is no indication on the record that the United States Court of Appeals for the Fifth Circuit has authorized this court to consider Williams's successive application, and therefore, this court lacks jurisdiction to consider Williams's habeas claims.[2]

---

[1] In *Propes v. Quarterman*, 573 F.3d 225, 227 (5th Cir. 2009), the petitioner Johnnie Propes was convicted of murder in June of 2003 and sentenced to 18 years in prison. In February of 2005, Propes filed a federal habeas corpus petition, but this petition challenged a prison disciplinary case, not his conviction. This case was dismissed with prejudice in March of 2006. In November of 2005, while the federal petition was pending, Propes filed a state habeas application challenging his conviction. This application was denied without written order in February of 2007. Propes then sought federal habeas corpus relief, but the Court dismissed the petition as successive. The Fifth Circuit concluded as follows: "The alleged errors in Propes' conviction, which are the targets of the challenge he now presents in a second habeas filing, occurred before Propes made his first habeas filing. That fact makes the second habeas petition successive under the AEDPA." *Propes*, 573 F.3d at 229.

[2] When a civil action is filed in a court and that court finds that there is a want of jurisdiction, the court shall transfer the action to any other court in which the action could have been brought at the time it was filed. 28 U.S.C. § 1631. The action shall proceed as if it had been filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred. *Id.*
From Williams's litigation history, the court determines that Williams is capable of refiling

### III. Conclusion

Williams's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED for lack of jurisdiction. All remaining pending motions are DENIED as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001)(citing *Slack,* 529 U.S. at 484). Williams has not made the necessary showing. Accordingly, a certificate of appealability is DENIED.

SIGNED at Houston, Texas, on Oct. 8, 2010.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE

this suit in the United States Court of Appeals for the Fifth Circuit.